Michael Hiscox, V-20848
Mule Creek State Prison, Cl3-240U
P.O. Box 409060
Ione, California
95640-9000

Plaintiff Pro Se

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL HISCOX,<br><br>    Plaintiff,<br><br>vs.<br><br>SERGEANT GIBSON, CORRECTIONAL SERGEANT; OFFICER JOHN DOE #1, are being sued in their individual and official capacities under the color of state law,<br><br>    Defendants. | Case No.: C 07 4832 PJH<br><br>CIVIL RIGHTS COMPLAINT UNDER TITLE 42 U.S.C. §1983 **(PR)**<br><br>(JURY TRIAL DEMANDED) |

I.

**INTRODUCTION**

Plaintiff MICHAEL HISCOX, in the above-entitled cause, at all times relevant herein, Plaintiff was an inmate at San Quentin State Prison - Reception Center is filing a pro se civil rights complaint under Title 42 U.S.C. § 1983 alleging that said Defendants were "deliberate indifferent" to Plaintiff's safety concerns.

II.

**JURISDICTION**

1.) This court's jurisdiction is authorized by Title 42 U.S.C. Sections 1983, 1988, and 1997 et seq.

-1-

2.) This Courts' pendent jurisdiction is requested to be exercised pursuant to Title 28 U.S.C. § 1361.

### III.

### VENUE

3.) Venue is proper because the acts of said defendants were committed in the jurisdiction of this court.

### IV.

### EXHAUSTION OF REMEDIES

4.) Plaintiff has exhausted all of his administrative remedies pursuant to the Prison Litigation Reform Act.

### V.

### PARTIES

5.) Michael Hiscox, is at all time mentioned herein the Plaintiff in the above-entitled cause of action. Plaintiff was an inmate at San Quentin State Prison, located in San Quentin, California.

6.) Defendants Sergeant Gibson, and Correctional Officer John Doe, are all employed as Correctional Officers who are employed at San Quentin State Prison, San Quentin, California through the California Department of Corrections and Rehabilitation.

### VI.

### STATEMENT OF FACTS

7.) On or about May 9, 2006, Plaintiff had a lay-over at San Quentin State Prison - Reception Center, when Plaintiff was returning from Humboldt County Superior Court.

8.) During Plaintiff's initial intake at San Quentin's Receiving & Release ("R&R hereafter), R&R noticed that Plaintiff was previously single-celled. Plaintiff requested to be placed in Ad-Seg (Administrative

-2-

1  segregation) due to his commitment offense.

2      9.)   R&R proceeded to escort Plaintiff to Alpine Section where
3  Plaintiff met said Defendant Sergeant Gibson.

4      10.)  At approximately 1830 hours, Plaintiff was called to the
5  podium of Alpine Section. Defendant Gibson asked Plaintiff as to "why did
6  you request single cell?"

7      11.)  Plaintiff answered by stating that he needed single cell
8  status because of commitment offense.

9      12.)  At that moment, Defendant Gibson proceeded to yell out
10 Plaintiff's commitment offenses out so that all of the inmates could here
11 them in Alpine section.

12     13.)  Defendant Gibson proceeded to state that he did not care and
13 that he was going to place Plaintiff in with a fresh drop out from San Jose
14 in cell 447.

15     14.)  Plaintiff again pleaded with Defendant Gibson by re-stating
16 that he (Plaintiff), needed to be placed in a single cell, due to his SNY
17 status (sensitive needs).

18     15.)  Plaintiff went on to tell Defendant Gibson that he "contest
19 the move and since you're are giving me no choice, I will go, except if
20 anything happens to me, you will be held responsible."

21     16.)  Defendant Gibson did not even care and still placed
22 Plaintiff in the cell.

23     17.)  On the eve of May 17, 2006 Plaintiff was assaulted by his
24 cellie ("Josh"), because of Plaintiff's commitment offense.

25     18.)  After the assault, Plaintiff immediately called "man down!"

26     19.)  Correctional Officer John Doe arrived at Plaintiff's cell.

27 ///                                                              ///

20.) Plaintiff demanded to be moved because he feared for his life. Defendant John Doe replied, "No."

21.) After Officer John Doe left, Plaintiff again yelled for "Man Down!"

22.) Said Defendant Gibson came to Plaintiff's cell and asked "what was wrong?" Plaintiff informed Defendant Gibson that someone yelled my charges and that Plaintiff's cellie was going to beat him up if he did not move out of the cell.

23.) Defendant Gibson than asked Plaintiff's cellie if he was going to do anything. Plaintiff's cellie replied, "No." When Plaintiff's cellie said No, Plaintiff seen Defendant Gibson wink at Plaintiff's Cellie.

24.) Plaintiff then yelled out, "I am being set-up."

25.) Immediately after Defendant Sergeant Gibson left, along with Defendant John Doe, Plaintiff's cellie proceeded to assault Plaintiff.

26.) Plaintiff hollered "Man Down" and hollered for medical but received no response.

27.) That next morning, Plaintiff threw his belongings out on the tier, while Plaintiff's face was swollen, visibly bruised, and limping from the injury Plaintiff sustained from the assault.

28.) Plaintiff was moved that morning after breakfast.

29.) To this date, Plaintiff has not received any medical care or treatment for the injuries he sustained on the eve of May 17, 2006.

## VII.

### CAUSE OF ACTION

30.) Plaintiff's cause of action consist of Defendants Sergeant Gibson and John Doe, violating Plaintiff's Eighth Amendment to the U.S.

1  Constitution, as to cruel and unusual punishment when said Defendants
2  forced Plaintiff to move into a cell, where they knew that Plaintiff would
3  have problems because of Plaintiff's commitment offense.

4      31.) Defendants Gibson and John Doe have an obligation to provide
5  Plaintiff protection from harm or damages pursuant to CCR Title 15, § 3271.

6      32.) Defendants Gibson and John Doe were "deliberate indifferent"
7  when they both failed to heed Plaintiff's warnings and concerns for his
8  safety and well being.

9      33.) Defendants Gibson and John Doe acts and actions were
10 "Deliberate indifferent" as depicted in the Statement of Facts, violated
11 Plaintiff's Eighth Amendment right which resulted in Plaintiff to incur
12 injury.

13     34.) Plaintiff claims that the Defendants' acts and actions of
14 being "deliberate indifferent" to Plaintiff's needs and safety concerns
15 were the proximate cause of Plaintiff's injuries.

16 **VIII.**

17 **PRAYER FOR RELIEF**

18     Wherefore, Plaintiff prays that this court will grant the
19 following:

20     1.) Grant trial by jury;

21     2.) Order each Defendant to pay Plaintiff $650,000.00 for causing
22 Plaintiff to incur injury.

23     3.) Order each Defendant to pay Plaintiff $1,000,000.00 for
24 punitive damages.

25     4.) Order each defendant to pay Plaintiff $100,000.00 for
26 compensatory and general damages.

27 ///       ///

5.) Grant any other relief that Plaintiff may be entitled, too.

Dated: 9/12, 2007

Respectfully submitted,

*[signature]*

Michael Hiscox, V-20848
Plaintiff Pro Se


## VERIFICATION

I, MICHAEL HISCOX, Plaintiff in the above-entitled cause, hereby, declare under the penalty of perjury that the above-mentioned is true and correct. Executed on this **twelfth** day of **September**, 2007, at Mule Creek State Prison, located in Ione, California.

*[signature]*

Michael Hiscox, V-20848
Declarant/Plaintiff Pro Se

///                                                                    ///
///                                                                    ///

-6-

| TORT CLAIM | SUBMIT TO: | STATE BOARD OF CONTROL GOVERNMENT CLAIMS DIVISION P. O. BOX 3035 SACRAMENTO, CA 95812-3035 (916) 323-3567 | BOARD OF CONTROL |
|---|---|---|---|
| BC-1A (Rev. 4/91) | | | THIS SPACE IS FOR STATE BOARD OF CONTROL USE ONLY |

BEFORE COMPLETING THIS FORM, PLEASE READ THE INSTRUCTIONS ON THE BACK OF THE LAST (BLUE) COPY OF THIS FORM. YOU MAY KEEP THIS LAST COPY FOR YOUR RECORDS. SUBMIT THE TOP THREE COPIES TO THE STATE BOARD OF CONTROL. YOU MUST COMPLETE EACH SECTION OF THIS FORM OR YOUR CLAIM MAY BE RETURNED TO YOU AS INCOMPLETE.

**1. NAME AND MAILING ADDRESS OF CLAIMANT(S):**
Name(s): MICHAEL ROBERT HISCOX, V-20848
MULE CREEK STATE PRISON, B7-228L
Mailing Address: 4001 STATE HWY 104
City: IONE   State: CA   Zip: 95640

**2. SPECIFY TOTAL DOLLAR AMOUNT OF CLAIM AS A DIRECT RESULT OF THE INCIDENT:** $

IF THE AMOUNT IS UNSPECIFIED AT THIS TIME, BUT EXCEEDS $10,000, CHECK THE APPROPRIATE COURT JURISDICTION:
[ ] MUNICIPAL COURT   [X] SUPERIOR COURT

**3. WHEN DID THE DAMAGE OR INJURY OCCUR?**
Month: MAY   Date: 17   Year: 2006   Time: 2105 HRS

**4. WHERE DID THE DAMAGE OR INJURY OCCUR?** (PLEASE INCLUDE CITY, COUNTY, AND STREET ADDRESS, INTERSECTION, ROAD NUMBERS OR MILE MARKER.)

SAN QUENTIN STATE PRISON
SAN QUENTIN, CA
94964

IF YOU ARE FILING THIS CLAIM BEYOND SIX MONTHS FROM THE INCIDENT DATE, PLEASE SEE INSTRUCTIONS FOR FILING LATE CLAIM APPLICATION ON THE REVERSE OF THE LAST COPY.

**5. PLEASE EXPLAIN THE CIRCUMSTANCES THAT LED TO THE ALLEGED DAMAGE OR INJURY. STATE ALL FACTS WHICH SUPPORT YOUR CLAIM AGAINST THE STATE OF CALIFORNIA, AND WHY YOU BELIEVE THE STATE IS RESPONSIBLE FOR THE ALLEGED DAMAGE OR INJURY. IF KNOWN, IDENTIFY THE NAME OF THE STATE AGENCY(IES) AND/OR STATE EMPLOYEE(S) THAT ALLEGEDLY CAUSED THE DAMAGE OR INJURY.**

(SEE ATTACHED SUPPLEMENT)

**WHAT SPECIFIC DAMAGE OR INJURY DO YOU CLAIM RESULTED FROM THE ALLEGED ACTIONS?**
DELIBERATE INDIFFERENT TO SAFETY CONCERNS, EMOTIONAL DURESS, LEFT KNEE INJURY AS A RESULT OF A PHYSICAL ALTERCATION (FIGHT)

**HOW WAS THE AMOUNT CLAIMED ABOVE COMPUTED?** (IF YOU HAVE SUPPORTING DOCUMENTATION FOR THE AMOUNT CLAIMED, PLEASE ATTACH THREE COPIES TO THIS CLAIM.)

**SEND OFFICIAL NOTICES AND OTHER CORRESPONDENCE TO:**
Name: MICHAEL ROBERT HISCOX, V-20848
Mailing Address: 4001 STATE HWY 104, B7-228L
City: IONE   State: CA   Zip: 95640

**9. SIGNATURE AND TELEPHONE NUMBER(S) OF CLAIMANT OR ATTORNEY/REPRESENTATIVE** (PLEASE SEE NOTICE BELOW):
Signature: X [signed]   Date: 10/21/06
Daytime Telephone Numbers (Please include Area Code)
Claimant: ( ) -    Attorney/Representative: ( ) -

**IF THE BOARD INVITES YOU TO APPEAR ON YOUR CLAIM AT A FUTURE BOARD HEARING, PLEASE DESIGNATE THE HEARING LOCATION YOU WOULD PREFER (CHECK ONE):**
[X] SACRAMENTO   [ ] LOS ANGELES   [ ] SAN FRANCISCO   [ ] SAN DIEGO (October only)

**NOTICE**

SECTION 72 OF THE PENAL CODE PROVIDES:

"EVERY PERSON WHO, WITH INTENT TO DEFRAUD, PRESENTS FOR ALLOWANCE OR FOR PAYMENT TO ANY STATE BOARD OR OFFICER, OR TO ANY COUNTY, TOWN, CITY, DISTRICT, WARD, OR VILLAGE BOARD OR OFFICER, AUTHORIZED TO ALLOW OR PAY THE SAME IF GENUINE, ANY FALSE OR FRAUDULENT CLAIM, BILL, ACCOUNT, VOUCHER, OR WRITING, IS GUILTY OF A FELONY."

Supplement to Tort Claim

1.) On or about May 9, 2006, on my way back from OTC (Out-to-Court), from Humboldt County, I had a lay-over at San Quentin State Prison. I arrived at San Quentin at approximately 1310 hours.

2.) At my initial intake at R&R (Receiving & Release), R&R noticed that I had been previously single celled. I requested to be placed in Ad-Seg (Adminstrative Segregation), due to my commitment offense. But, R&R proceeded to escort me to Alpine Section where I met a Sergeant Gibson.

3.) At approximately 1830 hours, I was called to the podium where I met Sergeant Gibson. Sergeant Gibson proceeded to ask me "Why did you request single cell?" I advised him that I needed to be placed in a single cell due to my commitment offense and I did not want to talk about it. Sergeant Gibson proceeded to front me off in front of all the other inmates stating that "I know what your offenses are!"

4.) Sergeant Gibson proceeded to tell me that he did not care and that I am going to place you in with a fresh drop-out from San Jose in cell 447 ["Josh" was the name of the inmate in 447]. I proceeded to tell Sergeant Gibson that: "You cannot place me in a double cell, my C-File will show you that I am to be placed in a single cell status, due to SNY (Sensitive Need Yard) status, not special program status. I also advised him that I am contesting this move, but, since you give me no choice, I will go, except, if anything happens to me, you will be held responsible." Sergeant Gibson did not even care for my concerns he placed me in that cell anyway.

5.) Approximately 9-days later (May 17, 2006), an inmate from Humboldt County, a John Doe #1, who had Humboldt written on his chest, proceeded to yell out my charges, when I arrived and who I talked to at R&R. The only individual that I talked to and who had that information was Sergeant Gibson and the R&R Officer (John Doe #2), who passed my information off to Sergeant Gibson on a thin piece of paper which was the paper that Sergeant Gibson was waiving around at the housing unit when I requested single cell status.

6.) On the eve of May 17, 2006, at approximately 2100 hours, my cellie proceeded to tell me to "roll it up or else." Immediately I called

SUPPLEMENT PAGE 2:

"MAN DOWN!" OFFICER JOHN DOE #3 ARRIVED AT MY CELL AND I DEMANDED THAT I BE MOVED BECAUSE I FEAR FOR MY SAFETY. OFFICER JOHN DOE #3 PROCEEDED TO TELL ME "NO!" OFFICER JOHN DOE #3 LEFT, AND I AGAIN PROCEEDED TO YELL "MAN-DOWN!"

7.) SERGEANT GIBSON CAME TO MY CELL THIS TIME AND ASKED WHAT WAS WRONG. I TOLD HIM, SOMEBODY YELLED OUT MY CHARGES AND THAT MY CELLIE WAS GOING TO KICK MY ASS IF I DID NOT ROLL IT UP. I TOLD YOU SERGEANT GIBSON THAT I COULD NOT BE DOUBLE CELLED. SERGEANT GIBSON THEN ASKED MY CELLIE IF HE WAS GOING TO DO ANYTHING. MY CELLIE REPLIED "NO, WHILE I SEEN SERGEANT GIBSON WINK TO MY CELLIE OUT OF THE CORNER OF MY EYE. I TOLD HIM THAT I BEING SET-UP. WHEN SERGEANT GIBSON WINKED AT MY CELLIE, IT GAVE MY CELLIE THE "GREEN LIGHT."

8.) IMMEDIATELY AFTER SERGEANT GIBSON HAD LEFT, MY CELLIE BEGAN TO POUND ON ME (PHYSICAL ALTERCATION - FIGHT), THAT LASTED FOR AT LEAST AN HOUR. THE FIGHT ENDED WHEN MY CELLIE WAS WINDED. I HOLLERED FOR MEDICAL - MAN DOWN, BUT RECEIVED NO RESPONSE. NO OFFICER ANYWHERE, HOWEVER, THE REST OF ALPINE SECTION WAS YELLING "BEAT HIM DOWN," AND "KICK HIS ASS," ET CETERA.

9.) THE NEXT MORNING AT CHOW RELEASE (MAY 18, 2006), I THREW MY STUFF OUT ON THE TEIR, WHILE MY FACT WAS ALL SWOLLEN, VISIBLY BRUISED, AND LIMPING FROM THE INJURY I SUSTAINED FROM MY CELLIE ON MY LEFT KNEE.

10.) THE TIER OFFICER JOHN DOE #4, 2W, DID NOT EVEN ASK WHAT HAPPENED OR HOW COME MY FACE WAS ALL SWOLLEN AND WHY I WAS LIMPING. THE OFFICER KEPT SILENT AND TOLD ME TO PLACE MY STUFF AT THE PODIUM.

11). I MOVED THAT MORNING AFTER BREAKFAST.

12.) TO THIS DATE, I HAVE NOT RECEIVED ANY MEDICAL ATTENTION FOR MY LEFT KNEE WHERE I SUSTAINED THE INJURY WHEN THE OFFICERS AT SAN QUENTIN COULD VISIBLY SEE THAT I WAS HURT AND INJURED BUT FAILED TO ACT, EVEN WHEN THEY KNEW I SHOULD HAVE BEEN PLACED IN A SINGLE CELL FROM THE OUTSET. I WAS COMPLETELY DENIED MEDICAL TREATMENT.

I, MICHAEL ROBERT HISCOX HEREBY DECLARE UNDER THE PENALTY OF PERJURY THAT THE ABOVE-MENTIONED IS TRUE AND CORRECT.

DATED: 10/21, 2006

MICHAEL ROBERT HISCOX, V-20848
CLAIMANT PRO SE

STATE OF CALIFORNIA – DEPARTMENT OF CORRECTIONS AND REHABILITATION               ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



June 6, 2007

HISCOX, CDC #V-20848
Mule Creek State Prison
P.O. Box 409099
Ione, CA 95640

Re:

Dear Mr. HISCOX:

The enclosed documents are being returned to you for the following reasons:

This office provides the Director's Level Review of inmate/parolee appeals. The form must be completed through the Second Level of Review on behalf of the Warden or Parole Region Administrator. This appeal issue should be submitted directly to the Appeals Coordinator for review and appropriate action. Only the original appeal form is accepted at the Director's Level of Review. If you do not have the original appeal, see your Appeals Coordinator for a replacement copy.

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can answer any questions you may have regarding the appeals process. Library staff can help you obtain any addresses you need.

S. Emigh

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

Mr. Michael Robert Hiscox, V-20848
Mule Creek State Prison, B7-228L
P.O. Box 409040
Ione, California
95640-9000

March 9, 2007

Attn: Chief, Inmate Appeals
Director of Corrections & Rehabilitation
P.O. Box 942883
Sacramento, California
94283-0001

RE:    Exhaustion of Remedies

Dear Chief, Inmate Appeals:

Enclosed you will find a CDC-602 dated 11/17/06. In that 602, you will discover that Appellant had submitted two other 602's while incarcerated at San Quentin State Prison - Reception, and then submitted another one as follow-up on the first two 602's, on 7/16/06, through the Appeals Coordinator at MCSP.

To this date, this Appellant has not received any type of response from any of the three 602's that were submitted. I asked for assistance from the Appeals Coordinator here at MCSP, and just like always, I have not seen or heard anything.

Therefore, this Appellant respectfully ask your Office to Declare that the enclosed 602's to be fully exhausted, so that, this Appellant can move forward with his 42 U.S.C. § 1983 lawsuit.

But, before this Appellant can move forward with this lawsuit, the 602's have to be declared exhausted at the Director's Level, so that, this Appellant has exhausted his "administrative remedies."

Therefore, any assistance in declaring the 602's that I have submitted to be fully exhausted, would be greatly appreciated.

Thank you for your time and for being understanding in this matter.

(NOTE: This Appellant had tried on numerous occassions through Request for Interviews to determine the status of his 602's. But, as to the present day, this appellant is in his same position as when he started, have not heard or seen anything.)

Respectfully,

*[signature]*

Mr. Michael Hiscox, V-20848
Frustrated Appellant

STATE OF CALIFORNIA                                                                                                                        DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/97)

Location: Institution/Parole Region      Log No.          Category

1. _____    1. _____

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | | UNIT/ROOM NUMBER |
|---|---|---|---|---|
| HISCOX | V-20848 | UNASSIGNED | MCSP | B7-228L |

**A. Describe Problem:** On or about 5/11/06 and on 5/23/06, Appellant submitted these 602's (see Exhibits A & B), while Appellant was incarcerated at San Quentin State Prison for formal level response and review. Then on 7/16/06 (See Exhibit C), Appellant mailed a CDC-602 to San Quentin State Prison, inquiring on the status of the two 602's dated 5/11 and 5/23/06, approximately one-month to two-month waiting period after Appellant returned to Mule Creek State Prison on or about May 25, 2006. To this date, Appellant has not received or heard anything concerning these 602's.

If you need more space, attach one additional sheet.

**B. Action Requested:** If these 602's cannot be answered, Appellant will assume that San Quentin Authorities discarded Appellant's 602's. Thus, Appellant ask that San Quentin Authorities declare that Appellant has fully exhausted his Administrative Remedies that Appellant was seeking. In order that Appellant can move forward with his litigation into the courts.

Inmate/Parolee Signature: _____  Date Submitted: 11/17/06

**C. INFORMAL LEVEL** (Date Received: _____)

Staff Response: _____

Staff Signature: _____ Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____ Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed      CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

| Location | Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. | 1. | | |
| 2. | 2. | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

**NAME:** Hiscox  **NUMBER:** V20848  **ASSIGNMENT:** Unasigned  **UNIT/ROOM NUMBER:** C II 211

**A. Describe Problem:** On or About 5/9/06 and 5/17/06 (see exibit A & B) I wrote two 602's concerning Single cell status / AD Seg Placement and Safety concerns. Plus I requested An Investigation be conducted into the Cell fight between John Doe #1 (First Name Josh) Ex Cellie and myself wich happened As soon As Sgt. Gilson left. The Assault on me wouldnt have happened had Gilson and other staff members At San Quentin taken my request for single Cell placement and other Safety concernes more seriously.

If you need more space, attach one additional sheet.

**B. Action Requested:** 1.) I want to know what the status of these 602's is 2.) If there is No status to report then declare that the 602 process has been exhausted. 3) Allow me to forward this to Sacramento to exhaust my remedies

Inmate/Parolee Signature: _____  Date Submitted: 7/16/06

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

Staff Signature: _____  Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____  Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| | 1. _____ | 1. _____ | _____ |
| | 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Hiscox | V20848 | | Alpine 44 |

**A. Describe Problem** On or about 5/9/06 I arrived here (San Quentin) at about 1315 hrs from out to court Humbolt County. After my intake at R&R I was sent to the Podium in Alpine Sargent Gibson who asked to know why I requested single cell status. I told him it was because of my commitment offense and it was in my file. Gibson ignored my objections and proceeded to place me in a cell with a drop out from San Jose who first name is Josh. I told Gibson that I didid'nt want to be double celled and wanted to go to Ad Seg and if something happens I'd hold him and the institution responcible.

If you need more space, attach one additional sheet.

**B. Action Requested:** I request that I be imediatly moved to a single cell in the unit or AD SEG

Inmate/Parolee Signature: _____  Date Submitted: 5/11/06

**C. INFORMAL LEVEL** (Date Received: _____)

Staff Response: _____

Staff Signature: _____  Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

[Stamp: MAIL APPEALS BRANCH MAR 15 2007 / A2-3 A4 FILED]

Signature: _____  Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

STATE OF CALIFORNIA                                                                                          DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category
1. _____    1. _____    _____
2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| [illegible] | V20911[?] | | ALPINE |

A. Describe Problem: On or about 5/17/06 an Incident [illegible] Out [illegible] occurred Starting with when I arrived and who I talked to at R&R. The only people I had talked to about my Charges were the Intake officer at R&R and Sargent Gibson at the Podium who waved a few [illegible] at my arrival. This was the same [illegible] appeal was filling out. That [illegible] My Cell, John Doe #1 [illegible] I was ordered me to Roll it up or Else. When I [illegible] John Doe #2 responded to my yelling and [illegible] Sargent Gibson came to [illegible] Please to lock up in [illegible]. After he left my Cell I [illegible] doors [illegible] I called out for medical and mental but Nobody responded.

If you need more space, attach one additional sheet.

B. Action Requested: Conduct an Investigation [illegible] of Sargent Gibson, John Doe #1 [illegible] John Doe #2 as to why they covered up the assault on me and why I was ignored when I requested Medical Care for my injuries sustained from the beating my Cellie John Doe #1 gave me.

Inmate/Parolee Signature: _____    Date Submitted: 5/23/06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

[stamp: INMATE APPEALS BRANCH  MAR 15 2007  RECEIVED]  A23  A4

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim.

CDC Appeal Number: